UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>     Plaintiff,<br><br>     v.<br><br>FOOD AND DRUG ADMINISTRATION, et al.,<br><br>     Defendants. | Civil Action No.  24-1905 (JDB) |

## MEMORANDUM OPINION AND ORDER

In 2022, a district judge in the Northern District of Texas ordered the FOIA unit at FDA's Center for Biologics Evaluation and Research ("CBER") to expedite processing and release of 5.7 million documents pertaining to Covid-19 vaccines. See Pub. Health & Med. Pros. for Transparency v. Food and Drug Admin., Civ. A. No. 21-1058 (N.D. Tex.) ("PHMPT I"); Pub. Health & Med. Pros. for Transparency v. Food and Drug Admin., Civ. A. No. 22-0915 (N.D. Tex.) ("PHMPT II"); Burk Decl. [ECF No. 21-1] ¶ 7.  While this district generally orders FOIA defendants to produce between 300-500 pages of responsive documents per month, the Texas court ordered much more aggressive production rates, requiring CBER to produce up to 180,000 pages each month.  See Burk Decl. ¶ 8; Informed Consent Action Network v. Food and Drug Admin., Civ. A. No. 25-823, 2025 WL 2938703, at *3 (D.D.C. Oct. 16, 2025).

To comply with the Texas court's order, CBER redirected resources towards fulfilling the PHMPT I and II FOIA requests, more than doubled the size of its FOIA unit, and onboarded additional contractors.  See Burk Decl. ¶¶ 21, 25–26.  Nevertheless, a substantial backlog of

1

unfulfilled FOIA requests developed. Id. ¶ 22. Among those affected by CBER's FOIA backlog is plaintiff Informed Consent Action Network ("ICAN").

Since 2019, ICAN has submitted more than 350 FOIA requests seeking CBER records, including an October 2020 FOIA request for Agency records pertaining to pertussis, also known as whooping cough. Id. ¶ 24; Joint Status Report ("JSR") [ECF No. 21] at 1. When CBER did not fulfill that request by June of 2024, ICAN filed this suit. JSR at 2; Compl. [ECF No. 1]. FDA and Health and Human Services (collectively, "the Defendants") responded by moving for a stay, citing the extraordinary circumstances of PHMPT I and II and FDA's diligent response to its dramatically increased workload. Defs.' Mot. for Stay [ECF No. 14]. This Court initially granted Defendants a six-month stay and renewed that stay for a second six months in August of 2025. See Feb. 4, 2025 Stay Order [ECF No. 17]; August 7, 2025 Stay Extension Order [ECF No. 20].

Now, Defendants request a further nine-month extension of the stay, citing the continued burdens of PHMPT II and ongoing staffing challenges. See JSR at 10. Specifically, Defendants point to supplemental orders from the Texas court requiring CBER to produce 2.8 million more pages by October 1, 2026, as well as reductions in force and hiring freezes that have hobbled CBER's efforts to grow its FOIA unit. Id. at 11–12. ICAN opposes Defendants' stay request. Id. at 1.

Because exceptional circumstances continue to exist and Defendants have diligently responded to those circumstances, the Court **GRANTS** in part and **DENIES** in part Defendants' extension request, staying the case until October 14, 2026.

## LEGAL STANDARD

By statute, agencies must "determine within 20 days . . . whether to comply" with FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i). If an agency decides to comply, it must make the requested

2

records "promptly available." Id. § 552(a)(6)(C)(i). But where an agency demonstrates that "exceptional circumstances exist" and that it is "exercising due diligence in responding to the request," courts "may retain jurisdiction and allow the agency additional time to complete its review of the records." Id.

"Exceptional circumstances" include where an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress" and its "existing resources are inadequate to deal with the volume of such requests within the [otherwise applicable] time limits." Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605, 616 (D.C. Cir. 1976). The "due diligence" requirement may be met by showing a satisfactory "present procedure for processing FOIA requests," including, for instance, a process that separates requests by difficulty, proceeds on a "first-in, first-out basis," and designates an adequate number of personnel. Id. at 612–13.

## ANALYSIS

ICAN does not dispute that PHMPT I and II have created extraordinary circumstances at CBER. Instead, ICAN objects that the Freedom of Information Act does not authorize judicial stays, and in any event, a stay would not be justified here because FDA has not acted diligently. See JSR at 2–9. Both contentions fail.

First, the statute. ICAN argues that federal courts' power to "retain jurisdiction" and allow an agency "additional time to complete its review of the records" does not include the power to stay FOIA suits. But as two other judges in this district have already observed, ICAN's contention is contrary to D.C. Circuit precedent, which this Court may not disregard. See Informed Consent Action Network, 2025 WL 2938703, at *2 (citing Open America and Citizens for Responsibility & Ethics in Wash. v. Fed. Elec. Comm'n, 711 F.3d 180, 185 (D.C. Cir. 2013)); Informed Consent

3

Action Network v. Food and Drug Admin., Civ. A. No. 25-832, 2026 WL 310004, at *2 (D.D.C. Feb. 5, 2026).

The Court also finds that Defendants have acted diligently. CBER's disclosure office triages FOIA requests into one of six queues "based on the volume, complexity, or subject matter of the requested records." Burk Decl. ¶ 12. Within each queue, requests are generally processed on a "first-in, first-processed basis." Id. ¶ 13. And to manage the spike in the disclosure unit's workload following PHMPT I and II, "CBER undertook aggressive efforts to hire and train additional staff and contractors, reassign staff as available to assist in review of some records, seek funding, and reorganize its resources." Id. ¶ 26. Many of these efforts are directed at processing PHMPT requests—but not all of them. CBER recently onboarded seven contractors who will primarily process non-PHMPT requests, including "Complex Track" requests such as ICAN's pertussis request. Id. ¶¶ 27, 31.

ICAN disputes that CBER's FOIA unit operates on a first-in, first-out basis, pointing to many submissions made after its October 2020 pertussis request that have either been closed or reached a later processing status. See JSR at 5. Yet ICAN's statistics do not reveal what if any of those submissions were reassigned to a different processing track, jumped the queue due to a court order or negotiated production schedule, were duplicates of documents already processed for a prior release, or were closed without Agency action. In other words, they do not refute CBER's declaration that it relies on a "first-in, first-processed" system—a declaration this Court must accord "a presumption of good faith." SafeCard Servs., Inc. v. Sec. and Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation modified).

Finally, ICAN cites Government Accountability Project v. Health and Human Services, 568 F. Supp. 2d 55 (D.D.C. 2008), for the proposition that CBER may only justify a stay by

4

showing it has been diligent as to the plaintiff's specific FOIA request, "not the agency's general workload." See JSR at 3.  Assuming this statement of law is correct, CBER still acted diligently here.  By triaging its requests and onboarding additional contractors to clear the backlog in the "Complex Track," CBER has undertaken efforts to advance ICAN's request within its queue, and thus is working diligently towards resolution of the request.

In sum, the Court concludes that Defendants continue to face exceptional circumstances, are exercising due diligence, and are thus entitled to a stay pursuant to § 552(a)(6)(C)(i).  This Court's conclusion is in line with those of other judges in this district who have recently ordered or extended stays in FOIA cases brought by ICAN against Defendants.  See, e.g., Informed Consent Action Network, 2026 WL 310004, at *4; Informed Consent Action Network v. Food and Drug Admin., Civ. A. No. 25-824, 2026 WL 237594, at *2 (D.D.C. Jan. 29, 2026); Informed Consent Action Network, 2025 WL 2938703, at *4.

## CONCLUSION

For these reasons, it is hereby **ORDERED** that this action is **STAYED** until October 14, 2026; it is further

**ORDERED** that the parties shall file a joint status report by not later than October 14, 2026, stating their position on whether the action should be stayed further and proposing a schedule for further proceedings.

**SO ORDERED.**

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: February 12, 2026